John M. Friedman, J.
Plaintiff seeks to recover for damage done by defendant to a fender of plaintiff’s 1955 Buick. Liability was conceded, and the trial related only to the question of damages.
Plaintiff’s expert testified that a new fender was needed, for which he would charge $119.20. He said the existing fender could be straightened, but that it “ wouldn’t be right ”, meaning that it would show evidence of having been straightened.
Defendant’s expert testified that the fender could be straightened satisfactorily for the condition of this auto, at a cost of $51.95, and that even if the fender were replaced, a used fender would do the trick, at a cost of $60.95. This expert also thought the figure for a new fender given by plaintiff’s expert was too high by about $15.
We have here a typical situation which often causes dismay and anguish to an innocent owner whose auto has been damaged completely without his fault. He seeks an estimate of the repair cost in good faith from a reputable repair man. He presents the estimate to the party at fault, is then met with delay and *1044 finally with an offer of less than what he was told is required to do the repair. He is forced to sue, to spend his time in court, to pay his expert to come to court, and in many cases to hire a lawyer to present his case; and he does not get back the cost of the expert and of the lawyer as an element of damage.
It seems to me that under these circumstances, plaintiff is entitled to recover what his expert says the job is worth.
I know that repair men will often ask whether or not a job brought to them is an “ insurance ” job — that is, whether an insurance company is going to pay the bill. The implication of the question is that the price goes, up for such a job. There is also the possibility that for such a job the repair man (perhaps at the suggestion of the customer) will actually charge the customer less than what he renders the bill or estimate for, so as to give the customer a chance to make some money.
I have the feeling also that insurance companies will offer less than a fair amount to settle a small claim with the thought that the claimant will not incur the bother and expense of suing. This practice, if it exists, may be somewhat induced by the aforesaid conduct of repairmen.
Where there is evidence of dishonesty or incompetency on the part of a plaintiff’s expert, obviously his testimony need not be accepted. Otherwise, I believe plaintiff is entitled to recover in full what his expert says is the amount of damage.
I suggest also that in these automobile damage cases where a mechanic’s testimony is necessary to make out a prima facie case, a Trial Judge should be given the discretion to grant, as part of the disbursements to be included in the judgment, the reasonable cost of procuring the attendance at the trial of the successful party’s expert. I would not presume to initiate this in my court; legislation, or a ruling by a higher court, permitting it is required. Indeed, the desirability of permitting a successful party to recover the cost of his expert’s attendance at the trial in any type of case is deserving of legislative attention (a subpoena fee can be recovered, but obviously the amount of such fee is not a realistic reimbursement in the case of an expert). Judgment is granted plaintiff for $119.20 and costs.